# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| ALFA INSURANCE CORPORATION, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **v.** | ) | **1:23-cv-00191-AT** |
| | ) | |
| KINGDOM BUILDERS COVENANT | ) | |
| CHURCH d/b/a EXCEL CHURCH, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR PROTECTIVE ORDER

COMES NOW Plaintiff Alfa Insurance Company ("Alfa") and, pursuant to

Fed. R. Civ. P. 26(c), moves this Court for an order requiring Defendant to abide by

the terms and provisions of Plaintiff's Proposed Stipulated Protective Order, and that

counsel for Defendant not share any confidential information or documents with any

third party not proscribed within the Proposed Order concerning the trade secrets,

confidential information, and other privileged materials contained within the

discovery sought by Defendant, showing this Honorable Court as follows:

1

1.

Rule 26(c)(1)(E) and (G) of the Federal Rules of Civil Procedure authorize this Court to enter a protective order requiring that a trade secret or other confidential information not be revealed or that it be revealed only in a designated way.

2.

This is an action relating to application misrepresentation in the procurement of an insurance policy and the alleged breach of that policy in which Defendant is attempting to discover confidential and proprietary information from Alfa regarding its underwriting process, procedures, guidelines, and practices. (*See generally*, Exhibit 1 - Defendant's First Request for Production of Documents.)

3.

Alfa provided a Proposed Stipulated Protective Order to counsel for Defendant on August 22, 2023, which notably included a standard provision stating that:

> Confidential Information shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this litigation. Access to Confidential Information shall be limited to:
>
> (a) the Court, including any Court personnel assisting the Court, stenographers or other persons involved in taking or transcribing court or deposition testimony in this action, and members of the jury;

(b) the parties, attorneys representing the parties and paralegal, clerical and secretarial employees of such attorneys;

(c) the officers, directors, agents or employees of the parties participating in the prosecution, defense, settlement or other disposition of this action;

(d) mediators, consultants, experts or litigation support services, including outside copying services, retained by a party for the purpose of assisting that party in this action provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached as Exhibit A;

(e) potential witnesses provided such persons agree in writing to abide and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(f) any person who is an author, addressee or recipient of, or who previously had access to, the Confidential Information;

(g) deposition witnesses who agree in writing to abide by and be bound by the terms of this Order in the form attached hereto as Exhibit A;

(h) any other person as to whom the party that designated the document or information as Confidential has consented to disclosure in advance; and

(i) any other person designated by the Court.

Notwithstanding any provision in this Order, a party may disclose or make Confidential Information available to regulators with supervisory authority over that party, and external auditors and reinsurers of that party who have a business need for that Confidential Information.

(*See* Exhibit 2 ¶ 3, 10).

3

4.

Defendant objected to this provision and proposed that the sharing provision be extended to include other attorneys that may be consulted during this litigation without disclosing their identity to Alfa or including them within the Proposed Stipulated Protective Order. (*See* Exhibit 3 – Affidavit of Kevin P. Kelly ¶ )

5.

As demonstrated more fully in Alfa's accompanying Memorandum of Law, both Georgia and federal law are in accord with Alfa's position, which is simply to prevent the dissemination of confidential material to any third party as Defendant sees fit.

WHEREFORE, Alfa prays that this Court adopt Plaintiff's Proposed Stipulated Protective Order. Alfa further moves that this Court specifically direct Defendant that they may not share any information properly designated as confidential during the pendency of this litigation except as in accordance with the provisions of Plaintiff's Proposed Stipulated Protective Order. Alfa further prays that this Court grant a stay of Alfa's deadline to respond to Defendant's First Requests for Production of Documents until it has entered an order on this motion.

Respectfully submitted this the 10th day of November, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

*/s/ Kevin P. Kelly*
Kevin P. Kelly
Georgia Bar No. 475246

3200 Cobb Galleria Pkwy.
Bldg. 200. Ste. 250　　　　　　　　*Counsel for Alfa*
Atlanta, GA 30326
Direct (470) 660-8737
Fax (850) 668-7972
kkarabinos@chartwelllaw.com
kkelly@chartwelllaw.com

Counsel for Plaintiff certifies that this pleading complies with Local Rule 5.1.  The type is Times New Roman, 14 point.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this date electronically filed this Certificate of Service of **PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

**David Boohaker**
**Boohaker Law Firm, LLC**
**800 Johnson Ferry Road, Suite B**
**Atlanta, GA 30342**
**david@boohakerlawfirm.com**

This 10th day of November, 2023.

CHARTWELL LAW, LLP

*/s/ Karen K. Karabinos*
Karen K. Karabinos
Georgia Bar No. 423906

3200 Cobb Galleria Pkwy.
Bldg. 200, Ste. 250                    *Counsel for Alfa*
Atlanta, GA 30339
(office): (404) 492-7365
(fax): (404) 738-1632
kkarabinos@chartwelllaw.com